31 C.C.P.A. (Patents)

### BOGOSLOWSKY v. HUSE.

#### Patent Appeal No. 4871.

Court of Customs and Patent Appeals.

April 4, 1944.

Emery, Varney, Whittemore & Dix, of New York City (Nichol M. Sandoe, of New York City, of counsel), for appellant.

Henry T. Hornidge, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Interference Examiners of the United States Patent Office in an interference proceeding awarding to appellee priority of invention of the subject matter of the six counts of the interference constituting the issue.

The interference is between an application of appellee filed on February 24, 1938, and an application of appellant filed on April 11, 1938.

Appellant being the junior party, the burden was upon him to establish priority of invention by a preponderance of evidence.

Count 2 is illustrative of the subject matter involved and reads as follows:

"2. In the manufacture of cores for playing balls, the method which comprises winding elastic thread under tension about and in direct contact with a sphere of frozen liquid, applying the thread with sufficient tension so that as the frozen liquid melts and is allowed to escape from the core the cavity thereby formed will be automatically filled with tensioned thread,

and continuing the winding until a core of the desired diameter has been built up."

The involved invention is sufficiently described in said count.

The board held that appellee had established a date of conception of the invention prior to the earliest date alleged in the preliminary statement of appellant; that neither of the parties had established actual reduction to practice of the invention, and that appellee, being the first to constructively reduce it to practice by the filing of his application, was entitled to the award of priority of invention.

Appellant does not challenge the holdings of the board with respect to appellee's reduction to practice.

Upon this point counsel for appellant, in their brief, state:

"The Board of Interference Examiners, after a searching analysis of the testimony on behalf of Huse, held that Huse has not established an actual reduction to practice prior to his filing date (Rec. p. 803). And since we see no error either in the reasoning of the Board or in the facts as found, we submit that this holding should be affirmed. Furthermore, in view of the extended discussion by the Board, to which we have nothing to add, we shall merely adopt the Board's discussion as a satisfactory statement of our position on this phase of the case."

Appellee before us does not challenge the finding of the board that he had not established actual reduction to practice of the invention.

Appellant urges reversal of the decision of the board upon two grounds, viz.:

1. That appellee concealed and suppressed the invention, and that under the doctrine declared in Mason v. Hepburn, 13 App.D.C. 86, and many times approved by this court, appellee is estopped from claiming priority of invention; and

2. That the board erred in holding that appellant had not established reduction to practice of the invention prior to appellee's constructive reduction to practice, and that it should have held that appellant reduced the invention to practice in November 1936.

Appellant's contention that appellee concealed and suppressed the invention will first be considered.

As hereinbefore stated, there is no contention by either of the parties that the board erred in holding that appellee had not established an actual reduction to practice of the invention, and is confined to his filing date for constructive reduction to practice.

Appellant's contention, therefore, is that said doctrine of concealment and suppression applies not only to one who has reduced an invention to practice and then concealed and suppressed it, but that it applies also to one who has merely conceived an invention and has concealed and suppressed such conception.

Appellant has cited no case of any court where the doctrine has been applied to the mere conception of an invention. On the contrary, in every case cited by appellant and, so far as we are aware, in every case decided by the courts where the doctrine has been applied, there has been a previous reduction to practice of the invention involved.

In the case of Wirshing et al. v. Pine et al., 118 F.2d 916, 919, 28 C.C.P.A., Patents, 1052, we said:

"Nor is it necessary here to consider the question of the applicability of the principle akin to the doctrine of equitable estoppel laid down in Mason v. Hepburn, 13 App.D.C. 86, because the principle is never applied where there is no reduction to practice."

Appellant cites a number of cases in which it was held that there was no reduction to practice of the invention by the party charged with concealment and suppression, but, assuming that there was such reduction, the doctrine of concealment and suppression was applicable.

In each of such cases, however, one of the issues in the case was whether there had been an actual reduction to practice, and it was held that assuming that the party claiming such reduction to practice was right in such contention it would avail him nothing because, in that event, the doctrine of estoppel through concealment and suppression would be applicable.

In the case at bar, however, there is no ground for assuming an actual reduction to practice by appellee, for neither party here claims that there was such.

There is good reason for the rule that said doctrine is applicable only where there has been an actual reduction to practice of an invention which requires physical embodiment in a structure and testing to demonstrate its operability and utility, or,

in the case of a process, the operation of such process for like purposes. In the eyes of the law the invention is not completed until it has been reduced to practice.

In the case of Clark Thread Company v. Willimantic Linen Co., 140 U.S. 481, 11 S. Ct. 846, 849, 35 L.Ed. 521, the court said:

"A conception of the mind is not an invention until represented in some physical form, and unsuccessful experiments or projects, abandoned by the inventor, are equally destitute of that character. These propositions have been so often reiterated as to be elementary."

In Walker on Patents (Deller's Edition), p. 110, it is stated:

"An invention is the result of an inventive act; it consists in (1) a mental operation involving the conception of an idea and (2) a physical operation involving the reduction to practice of the inventive concept."

Indeed, the foregoing statement is so elementary as not to require the citation of authority in support of the same.

If then a party has not made an invention we cannot understand how he could be charged with concealing and suppressing something which had no existence, so far as he was concerned, at the time of the alleged concealment and suppression.

In the case of Altorfer and Dehle v. Haag, 74 F.2d 129, 134, 22 C.C.P.A., Patents, 806, we said:

"We have frequently discussed the doctrine of Mason v. Hepburn, supra, and have definitely indicated that we will not extend it. We said in Miller v. Hayman, 46 F.2d 188, 18 C.C.P.A., Patents, 848, that the doctrine of estoppel (or the doctrine akin to equitable estoppel, Consolidated Fruit-Jar Company v. Wright, 94 U.S. 92, 24 L. Ed. 68) was not favored, since estoppels preclude a party from showing the truth."

In the case of Severson v. Olson, 64 F. 2d 694, 698, 20 C.C.P.A., Patents, 946, we said that "we are not disposed to extend the doctrine or make more liberal application of it in interference cases than was made in Mason v. Hepburn, supra. On the contrary, we recognize the danger that might flow from its loose application, and that, unless great caution is observed, it might be gradually extended until its application resulted in far greater inequities than it was designed to cure."

So, to apply the doctrine to one who has merely conceived an invention and has not completed it by reducing it to practice might result in far greater inequities than it was designed to cure, and we will not so apply it.

For the reasons stated, we are in agreement with the holding of the board that the doctrine of concealment and suppression is not applicable to the case at bar, there being no contention before us by either of the parties that appellee had reduced the invention to practice at the time that it is contended that he had concealed and suppressed the invention.

We next come to appellant's second contention, that the board erred in failing to hold that appellant was the first to conceive the invention and the first to reduce it to practice.

With regard to conception, the board held that appellee had established conception prior to any dates alleged by appellant in his preliminary statement. This is not seriously challenged by appellant, and at any rate it is abundantly established by the evidence that the board was correct in its holding.

With respect to actual reduction to practice of the invention by appellant, little need be said. Appellant testified that in the summer of 1936 he made a certain number of golf balls according to the method set forth in the counts and exhibited them to one George Oakley and to his (appellant's) associate in business, Louis F. Muccino; that he explained to them the method of making the balls, and that they were tested in their presence and found very satisfactory.

This testimony was corroborated by said Oakley and Muccino, but neither of said witnesses professed to know how the balls were made except from statements made to them by appellant. In other words, there is no corroboration of appellant's testimony of the method used by him in making the balls.

Four of the balls claimed by appellant to have been made according to the method described in the counts were introduced in evidence. One of the balls was cut open shortly prior to the taking of the testimony.

It is the contention of appellant that an examination of the dissected ball discloses that it must have been made by the method described in the counts, "because," to quote from appellant's brief, "of the characteristic softness of the shrunken center of the

78

dissected ball." Appellant's brief states that "No balls made by any other method, either before or since, exhibit this characteristic. It is an exclusive characteristic of ice center balls, inherent in the peculiar method of manufacture."

We find nothing in the record supporting the statement last above quoted, and obviously we may not accept a statement of appellant's counsel which, if correct, should have been established by evidence.

There being no corroboration of appellant's testimony with respect to the method of making the balls, the testimony of Oakley and Muccino cannot be relied upon for corroboration of appellant's testimony respecting reduction to practice of the invention. See Wirshing et al. v. Pine et al., supra; Collins v. Olsen, 102 F.2d 828, 26 C.C.P.A., Patents, 1017.

We, therefore, hold that the board correctly decided that appellant had not established a reduction to practice of the invention prior to his filing date.

For the reasons stated, the decision appealed from is affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.